UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
COLONIAL SURETY COMPANY,

      Plaintiff,      **ANSWER**

  -against-        08 Civ. 2202 (WCC)

THE COUNTY OF PUTNAM, a Public
Corporation of New York,

      Defendant.
-------------------------------------------------------------X

    For the answer to the complaint of the plaintiff in the above entitled case,

defendant, The County of Putnam, by its attorney, Vincent Gelardi, says:

## JURISDICTION AND VENUE

    1.  The allegations contained in paragraph "1" of the complaint constitute

conclusions of law to which defendant makes no answer except to demand strict proof thereof

and respectfully refers any and all questions of law to this Honorable Court.

    2.  The allegations contained in paragraph "2" of the complaint constitute

conclusions of law to which defendant makes no answer except to demand strict proof thereof

and respectfully refers any and all questions of law to this Honorable Court.

## PARTIES

    3.  Defendant denies knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "3" of plaintiff's complaint.

    4.  Defendant admits the allegations contained in paragraph "4" of the

plaintiff's complaint.

## THE PERFORMANCE BOND

5.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "5" of plaintiff's complaint but refers to the contract for its content and legal import.

6.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "6" of plaintiff's complaint and respectfully refers any and all questions of law to this Honorable Court.

7.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "7" of plaintiff's complaint.

## COLONIAL'S BOND EXPOSURE

8.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "8" of plaintiff's complaint.

9.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "9" of plaintiff's complaint.

10.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "10" of plaintiff's complaint.

11.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "11" of plaintiff's complaint.

12.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "12" of plaintiff's complaint.

13.      Defendant denies the allegations contained in paragraph "13" of the plaintiff's complaint.

14.      Defendant denies knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "14" of plaintiff's complaint.

15.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "15" of plaintiff's complaint.

## CONTRACT BALANCES AS A STATUTORY TRUST

16.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "16" of plaintiff's complaint respectfully refers any and all questions of law to this Honorable Court.

17.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "17" of plaintiff's complaint.

18.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "18" of plaintiff's complaint.

19.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "19" of plaintiff's complaint.

20.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "20" of plaintiff's complaint.

21.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "21" of plaintiff's complaint.

22.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "22" of plaintiff's complaint.

23.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "23" of plaintiff's complaint.

## ANSWERING A FIRST COUNT

24.    Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-23 of this Answer with the same force and effect as if set forth more fully at length herein.

25.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "25" of plaintiff's complaint and respectfully refers any and all questions of law to this Honorable Court.

26.    Defendant denies the allegations contained in paragraph "26" of the plaintiff's complaint and respectfully refers any and all questions of law to this Honorable Court.

27.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "27" of plaintiff's complaint.

28.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "28" of plaintiff's complaint.

29.    Defendant denies the allegations contained in paragraph "29" of the plaintiff's complaint.

## ANSWERING A SECOND COUNT

30.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "30" of plaintiff's complaint.

31.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "31" of plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32.    A defense against the relief requested against the Defendant is founded upon documentary evidence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33.    That plaintiff has failed to mitigate its damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

34.    That the relief requested against the defendant is barred by the Doctrine of

Estoppel.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

35.    That the relief requested against the defendant is barred by the Doctrine of

Waiver.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

36.    That the relief requested against the defendant is barred based on the

grounds of Statute of Frauds.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

37.    Payment and set-off.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

38.    That the claims do not state a cause of action against the defendant upon

which relief may be granted.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

39.    That the relief requested against the defendant is barred by the doctrine of

ratification.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

40.    That the relief requested against the defendant is barred by the plaintiff's

assumption of the risks inherent in all construction related transactions.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

41.    That the damages allegedly sustained by the plaintiff were caused, in whole or in part, by the culpable conduct or negligent acts of said plaintiff.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

42.    That the relief requested against the defendant is barred by the applicable statute of limitations and/or limitations period.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

43.    That the plaintiff is open and continuing breach of its Contract obligations and the relief requested against the defendant is barred by the plaintiff's unclean hands.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

44.    That the plaintiff has not performed its obligations and/or conditions

precedent under the Contract Documents entitling it to any payment.

        **W H E R E F O R E,**  the defendant prays judgment that the complaint of the

plaintiff be dismissed, together with the costs and disbursements of this action and attorney's fees

awarded to the defendant.

Dated: Rye Brook, New York
        April 4, 2008

                                    Respectfully submitted,

                                    VINCENT GELARDI, ESQ.

                                    By: _____
                                        Vincent Gelardi (VG 3697)
                                    Attorney for Defendant-The County of Putnam
                                    800 Westchester Avenue, S-608
                                    Rye Brook, New York 10573
                                    (914) 251-0603

To:     KLOTZ & McCANN
        Robert W. McCann (RM 6192)
        Attorneys for Plaintiff
        649 Lafayette Avenue
        P.O. Box 654
        Hawthorne, New Jersey 07507
        (973) 427-8900

## CERTIFICATE OF SERVICE

I, VINCENT GELARDI, hereby certify that on April 9, 2008, I served the within ANSWER upon all parties, by Electronic Case Filing, to the address as provided to defendant by notification from this Court:

To:     KLOTZ & McCANN
        Robert W. McCann (RM 6192)
        Attorneys for Plaintiff
        649 Lafayette Avenue
        P.O. Box 654
        Hawthorne, New Jersey 07507
        (973) 427-8900


Vincent Gelardi (VG 3697)